Thomas Liberty
915258
Michael Unit
2664 FM 2054
Tennessee colony, TX 75886

54,153-03

September 01, 2015

Abel Acosta, Clerk,
Court of Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
Austin, Texas 78711

Re: **Application for Writ of Mandamus,**
**Cause Nos 805615-B & 805616-B**
**From the 178th District Court, Harris County, Tx**

Dear Mr. Acosta:

Enclosed is my application for Writ of Mandamus in the above referenced cause numbers. Please file said applicatiion and return a copy of the filing in the enclosed self addressed stamped envelope.

Thank you for your time and consideration in this matter.

Sincerely,

Thomas Liberty

cc: TDL/Mandamus

This document contains some pages that are of poor quality at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 08 2015
Abel Acosta, Clerk

| | | |
|---|---|---|
| THOMAS DOMINIC LIBERTY | § | IN THE COURT OF CRIMINAL |
| TDCJ-ID #915258 | § | |
| RELATOR | § | |
| | § | |
| V. | § | APPEALS OF TEXAS |
| | § | |
| CHRIS DANIEL, | § | TRAVIS COUNTY, TEXAS |
| HARRIS COUNTY DISTRICT CLERK | § | |
| RESPONDANT | § | |

## PLAINTIFF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Judge of said Court:

Comes Now, Thomas D. Liberty, Relator, pro se in the above styled and numbered causes of action and files this original Application for Writ of Mandamus, pursuant to Article 11.07, Section 3(c) of the Texas Code of Criminal Procedure, and would show the Court the following:

I

A. **RELATOR**

1.01 Thomas Liberty, TDCJ-ID #915258, is incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at the Michael Unit, 2664 FM 2054, Tennessee Colony, Anderson County, Texas 75886.

1.02 Relator has exhausted his remedies and has no other adequate remedy at law.

1.03 The Act sought to be compelled is ministerial, not discretionary in nature. T.C.C.P. Art. 11.07, Section 3(c) requires Respondant to immediately transmit to the Court of Criminal Appeals a copy of the Application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made, if the convicting Court decides that there

(1)

are no issues to be resolved. No copy of the Application for Writ of Habeas Corpus, no answers filed nor a certificate reciting the date upon which that finding was made have been transmitted to the Court of Criminal Appeals. Had such documents been transmitted to the Court of Criminal Appeals as required by statute, Relator would have received notice from the Court of Criminal Appeals.

## II

B. **RESPONDANT**

2.01   Respondant, Chris Daniel, in his capacity as District Clerk for Harris County, Texas has a ministerial duty to receive and file all papers in a criminal proceeding, and perform all other duties imposed on the clerk by law pursuant to T.C.C.P. Art. 2.21, and is responsible under T.C.C.P. 11.07,Section 3(c) to immediately transmit to the Court of Criminal Appeals a copy of the Application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made if the convicting Court decides that there are no issues to be resolved. Chris Daniel, District Clerk, Harris County, Texas may be served at his place of business at 1201 Franklin Street, Houston, Texas 77002.

## III

C. **VIOLATION OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE**

3.01   The Respondant violated Article 11.07, Section 3(c) of the Code of Criminal Procedure by failing to provide a copy of the

(2)

Application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals within time prescribed by law and within a reasonable time from the date on which the documents were requested to be transmitted.

3.02 Request for the transmittal of the Application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made were made by Relator to Chris Daniel several different times; (see attached copies of letters listed as Exhibits A through D).

3.03 To date, Relator has not received a response from Respondant regarding Relator's request for transmittal of the Application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals.

3.04 As is clear from Relator's letters, Relator has repeatedly put Respondant on notice that Relator seeks the transmittal of the Application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals. Such records are required by the Court of Criminal Appeals to act on Relator's Writ of Habeas Corpus. Relator has gone well beyond any requirement or obligation imposed on him by the Texas Code of Criminal Prodedure, Article 11.07, Section 3(c). In contrast to Relator's efforts, Respondant has wholly failed to comply with the T.C.C.P. Article 11.07, Section 3(c), is acting in bad faith, and has also failed

(3)

to afford Relator the professional and common curtesy of any written responses to his correspondence and request.

3.05 Article 11.07, Section 3(c) clearly states that, "If the convicting Court decides that there are no such issues, the clerk shall immediately transmit to the Court of Criminal Appeals a copy of the Application, any answers filed, and a certificate reciting the date upon which that finding was made. Failure of the Court to act within the allowed 20 days shall constitute such a finding." Respondant is in violation of Texas Code of Criminal Procedure Article 11.07, Section 3(c), which mandates his ministerial duties and the laws of the State.

## PRAYER

Wherefore, premises considered, Relator, Thomas Liberty, pro se, respectfully requests a finding that Respondant failed to transmit documents to the court of Criminal Appeals within a reasonable time after the date they were requested. Relator brings this litigation in good faith. Relator prays for an Order directing Respondant to transmit copy of the Application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in Article 11.07, Section 3(c) of the Texas Code of Criminal Procedure and as requested in Relator's letters, (Exhibits A through D).

Respectfully,

Thomas Liberty, Pro Se

September 01, 2015

(4)

## AFFIDAVIT

I swear, under penalty of perjury, that the facts and allegations in the Application for Writ of Mandamus are true and correct.

THOMAS LIBERTY
Relator

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above Application for Writ of Mandamus was served on the Clerk of the Court of Criminal Appeals by placing a copy in the U.S. Mail addressed to: Abel Acosta, Clerk, P.O. Box 12308, Capitol Station, Austin, Texas 78711 on this the 1st day of September, 2015.

Thomas Liberty
Relator

(5)

CAUSE NOs 805615-B & 805616-B

| | | |
|---|---|---|
| THOMAS DOMINIC LIBERTY<br>RELATOR | § | IN THE COURT OF CRIMINAL |
| | § | |
| V. | § | APPEALS OF TEXAS |
| | § | |
| CHRIS DANIEL<br>HARRIS COUNTY DISTRICT CLERK<br>RESPONDANT | § | TRAVIS COUNTY, TEXAS |

## ORDER

On this day came to be heard the foregoing Relator's Application for Writ of Mandamus and it appears to the Court that the should be:

_____GRANTED

It is therefore ORDERED that the District Clerk shall immediately transmit to the Court of Criminal Appeals a copy of the Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that transmittal was made.

Signed on this the_____day of_____, 2015

_____
PRESIDING JUDGE

August 4, 2014

Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston, Texas 77210-4651

RE: Application/s for Writ of Habeas Corpus 11.07
Cause No. 805615-B and Cause No. 805616-B.

Dear Mr. Daniel:

I have filed, with your office, separate application/s for a Writ of Habeas Corpus in the above Styled and number cause/s of action, pursuant to Article 11.073, Texas Code of Criminal Procedures, on the 16th day of June, 2014.

Pursuant to Article 11.07 Sec. 3(b), the State is afforded 15 days to respond. In this instant issue, the State has timely met this requirement by filing a "State's Proposed Findings of Fact, Conclusions of Law and Order" on the 3rd day of July, 2014.

Pursuant to Article 11.07 Sec. 3(c) and (d) the convicting court is afforded 20 days to designate unresolved issues. In this instant issue the convicting court has failed to meet that absolute requirement under this Article.

I respectfully request that you bring this urgent matter to the attention of the 178th Judicial District Court Judge, Honorable David Mendoza, or immediately transmit the Writ to the Court of Criminal Appeals, along with any records, for their decision in this instant issue. Failure to abide by Due Process of Law Article 11.07 (b) (c) (d), Texas Code of Criminal Procedure will result in my having to file an application for a Writ of mandamus, compelling the Clerk of the Court to forward the Writ, without delay, to the Court of Criminal Appeals of Texas.

I sincerely appreciate your valuable time and concern. I look forward to your response in the very near future.

Respectfully,

Thomas Liberty

cc: File/TDL

Thomas Liberty
915258
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

September 5, 2014

Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston, Texas 77210-4651

Re: Ex Parte Thomas Liberty
Trial Court Cause Nos. 805615-B & 805616-B
In the 178th District Court for Harris
County, Texas
Texas Code of Criminal Procedure, Art, 11.073
Proceedings.

Dear Mr. Daniel:

Greetings! I am writing in regards to the status of my above Art. 11.073 writ applications proceedings. My Article 11.073 writ applications have been filed, the State's response has been filed, as well as my objections to the State's response have been filed and pending before the Court.

(1) First, please send me a copy of my Post-Conviction Docket Sheet as it relates to my above Article 11.073 writ applications proceedings.

(2) Second, has the trial court habeas Judge entered any orders Designating Issues to be resolved or any Findings of Fact and Conclusions of Law as it relates to my above Article 11.073 writ applications proceedings? If any orders have been issued I have yet to receive any copies of such, so if any orders have been issued please, pursuant to Article 11.07 Section 7, send me a copy of any orders issued in this case.

Please respond soonest! Your very kind assistance in regards to this matter will be greatly appreciated.

Sincerely,

Thomas Liberty

( EXHIBIT - C )

Thomas Liberty
915258
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

May 20, 2015

Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston, TX 77210-4651

RE: Cause No. 805615-B and 805616-B
11.073 filed 06/16/14

Dear Mr. Daniel,

I would greatly appreciate a status report regarding the above referenced cause nos. before the court.

Thank you for your time and kind consideration in this matter.

Respectfully,

Thomas Liberty



( EXHIBIT - D )

Thomas Liberty
915258
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

June 22, 2015

Clerk of Court
178th District Court
1201 Franklin Street
Houston, TX 77210

RE: Cause Nos. 805615-B; 805616-B

Dear Clerk,

I am inquiring into the present status of my application for Writ of habeas Corpus Art. 11.073. This application was filed on 06/16/14. On 07/03/14/ the State's original answer requewting that the court designate the issue was filed and received by applicant. Applicant responded to the District Attorney's answer with an "OBJECTION" which was filed on July 18, 2014. Nothing further has been received as of this date.

I would greatly appreciate your assistance in bringing this matter to the attention of the court and inform me, if at all possible, of the court's response.

Thank you for your time and kind consideration in this matter.

Respectfully,

Thomas Liberty

cc: File/TDL

**FILED**
Chris Daniel
District Clerk

JUN 30 2015

Time:_____
Harris County, Texas

By_____
Deputy